**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JORGE L. MONTES and KATHIE L. MONTES,

        Plaintiffs,

v.                                                    Case No:   6:22-cv-920-WWB-LHP

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

        Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S TIME SENSITIVE MOTION TO QUASH SUBPOENA (Doc. No. 22)
>
> **FILED:** March 1, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

**I.   BACKGROUND**

On April 25, 2022, Plaintiffs Jorge L. Montes and Kathie L. Montes filed a complaint in state court against Defendant Liberty Mutual Fire Insurance

Company, alleging a single claim for breach of an insurance policy related to water damage to Plaintiffs' residence from a failed plumbing system. Doc. No. 1-1. Defendant removed the case to this Court on May 18, 2022. Doc. No. 1; *see also* 28 U.S.C. § 1332. Defendant subsequently answered the complaint, and discovery is scheduled to close on December 29, 2023. Doc. Nos. 6, 16.

On March 1, 2023, Plaintiffs filed the above-styled time sensitive motion to quash subpoena, which relates to a proposed subpoena duces tecum Defendant intends to serve upon Advanced Plumbing Technology ("APT"). Doc. No. 22.[1] According to the motion, APT is a consulting expert for Plaintiffs, who was retained prior to filing suit to evaluate Plaintiffs' insurance claim and potential causes of action. *Id.*, at 1-2. Plaintiffs further represent that they have already produced an estimate and plumbing report from APT, which included all photos taken by APT during its inspection of Plaintiffs' property, but Plaintiffs do not intend to introduce APT's reports, opinions, or analysis at trial. *Id.*, at 2. The subpoena, however, requests APT's entire file, which Plaintiffs contend contains attorney work-product and materials protected by Fed. R. Civ. P. 26(b)(4)(D). *Id.* Plaintiffs also claim that the production of APT's report, photos, and videos constitutes only a "limited

---

[1] Given the time sensitive nature of Plaintiffs' motion, the Court stayed compliance with the subpoena pending resolution of the motion. Doc. No. 24.

- 2 -

waiver" of the work product privilege, and that no exceptional circumstances exist warranting as wholesale waiver of the work product privilege. *Id.*, at 2-3. This is the only basis Plaintiffs raise for quashing the subpoena in its entirety. Plaintiffs attach to their motion a copy of the subpoena duces tecum, *id.* at 5-8, but otherwise provide no evidence to support their assertions in the motion.

In its response, Defendant notes that Plaintiffs have provided no evidence to support their claims of attorney work product. Doc. No. 26. Instead, Defendants attach an unexecuted "Proposal for Construction Services" between APT and Plaintiffs, which Defendant contends suggests that APT's role was to perform work on Plaintiffs' residence as a licensed contractor, not as a consulting expert. Doc. No. 26-1. Defendant also argues that Plaintiffs have waived any work product privilege by virtue of their voluntary disclosure of APT's report, photos, and videos, which constitute the majority of APT's file. *Id.*, at 2-3; *see also* Doc. No. 26-2.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, a court may quash, modify, or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery under

Rule 26." *Rodgers v. Herbalife Int'l of Am., Inc.*, No. 8:19-mc-115-T-35AAS, 2020 WL 263667, at *1 (M.D. Fla. Jan. 17, 2020) (citing *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *3 (M.D. Fla. Aug. 29, 2014)); *see also Martin v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 8:13-cv-00285-T-27MAP, 2013 WL 12156516, at *1 (M.D. Fla. July 1, 2013) ("[A]lthough Rule 45 does not identify relevance as a reason for quashing a subpoena, the scope of discovery for a subpoena seeking documents is the same as that under Rule 26(b)." (citations omitted)). Ordinarily, "a party does not have standing to seek to quash a subpoena issued to a non-party." *Martin*, 2013 WL 12156516, at *1. "An exception exists where the party demonstrates a personal privacy right or privilege with respect to the subject matter of the subpoena." *Id.* (citing *Auto-Owners Inc. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)).[2]

Here, the sole argument Plaintiffs raise is a claim of work-product privilege over the remainder of APT's file. The work-product privilege "typically applies only to documents prepared principally or exclusively to assist in anticipated or ongoing litigation." *Palmer v. Westfield Ins. Co.*, No. 5:05-cv-338-Oc-10GRJ, 2006 WL 2612168, at *3 (M.D. Fla. June 30, 2006). Claims of work-product privilege are

---

[2] Given that Plaintiffs are attempting to assert an attorney work-product privilege, there is no dispute that they have standing to file the present motion.

governed by the principles set forth in Federal Rule of Civil Procedure 26, which provides, in pertinent part:

> **(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.
>
> \*\*\*\*\*
>
> **(3)** *Trial Preparation: Materials.*
>
> **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(1), (b)(3)(A).

The party asserting the work-product privilege has the burden to prove that the documents sought are protected work product. *Palmer*, 2006 WL 2612168, at *3; *Bahrami v. Price*, No. 11-4483, 2013 WL 3800093, at *5 (N.D. Ga. July 19, 2013).

This includes the burden of showing the documents were prepared in anticipation of litigation. *See Auto Owners Ins. Co. v. Totaltape, Inc.*, 135 F.R.D. 199, 201 (M.D. Fla. 1990). "'That burden is not, of course, discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed.' The party claiming the privilege must provide the court with underlying facts demonstrating the existence of the privilege, which may be accomplished by affidavit." *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011) (first quoting *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965), then citing *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)). *See also Johnson v. Westgate Vacation Villas, LLC*, No. 6:17-cv-2141-Orl-37GJK, 2018 WL 7461685, at *3 (M.D. Fla. Oct. 23, 2018) ("This burden can be met only by an evidentiary showing based on competent evidence; it cannot be discharged by mere conclusory or *ipse dixit* assertions."). Thus, "the mere conclusory assertion that material sought is covered by . . . work product privilege is not sufficient to render such material undiscoverable." *Club Exploria, LLC v. Aaronson*, No. 6:18-cv-576-Orl-28DCI, 2019 WL 13227590, at *3 (M.D. Fla. Dec. 9, 2019) (quoting *Ameritrust Co., N.A. v. White*, No. 1:90-CV-2691-JEC, 1993 WL 819124, *3 (N.D. Ga. Oct. 20, 1993)). *See also Auto Owners*, 135 F.R.D. at 201 (finding that plaintiff's argument that the "very nature" of the documents precluded their discovery was insufficient).

"With regard to determining whether documents were prepared 'in anticipation of litigation,' the law is clear that if documents are prepared for a business purpose – or for some other non-litigation purpose – they fall outside the protection of the work product doctrine." *Club Exploria, LLC*, 2019 WL 13227590, at *2 (citations omitted). "Thus, if a document is prepared for a business purpose, or in the ordinary course of business, the document is not protected even if the party preparing the document is aware that the document may also be helpful in the event of litigation." *Id.* The question is whether the "primary motivating purpose" for preparing the document was to aid in possible litigation. *Bridgewater*, 286 F.R.D. at 641 (citing *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981)); *see also Johnson*, 2018 WL 7461685, at *3. "Additionally, in determining whether a document was prepared in anticipation of litigation, key issues the court must consider are the function the document serves, the circumstances surrounding its creation, and the driving force behind its preparation." *Club Exploria, LLC*, 2019 WL 13227590, at *3 (citations and quotations omitted).

### III. ANALYSIS

Upon review of Plaintiffs' motion, the Court finds that Plaintiffs have failed to satisfy their burden of establishing that the APT materials requested in the subpoena are covered by the attorney work-product privilege. To begin, Plaintiffs provide nothing other than unsupported representations in their motion that APT

was retained to evaluate Plaintiffs' claim and a potential cause of action – there are no affidavits or other evidence, not even a privilege log detailing what documents Plaintiffs contain are subject to protection. Doc. No. 22. The absence of any evidence in support renders Plaintiffs' motion fatally deficient. *See Club Exploria, LLC*, 2019 WL 13227590, at *3; *Bridgewater*, 286 F.R.D. at 639; *Johnson*, 2018 WL 7461685, at *3. Further, based on the evidence presented by Defendant, it appears that APT was not initially retained solely as a consulting expert, but rather as a licensed contractor for construction and plumbing services. The copy of the proposal and other APT materials submitted say nothing about consulting or expert services, but rather consist of a proposal to perform plumbing work – to the tune of $111,399.89 – on Plaintiffs' residence. Doc. Nos. 26-1; 26-2. Thus, it does not appear that the primary purpose for APT's work with Plaintiffs was to aid in possible litigation – and Plaintiffs have provided nothing to suggest otherwise. *See Club Exploria, LLC*, 2019 WL 13227590, at *2 ("[T]he law is clear that if documents are prepared for a business purpose – or for some other non-litigation purpose – they fall outside the protection of the work product doctrine."). *See also Bridgewater*, 286 F.R.D. at 641; *Johnson*, 2018 WL 7461685, at *3.

For these same reasons, to the extent Plaintiffs are arguing that the subpoena should be quashed pursuant to Fed. R. Civ. P. 26(b)(4)(D), Plaintiffs have failed to establish that APT was retained or specially employed in anticipation of litigation

- 8 -

or to prepare for trial, such that the protections of Rule 26(b)(4)(D) apply. As previously noted, Plaintiffs have provided no evidence whatsoever to support any such argument. And given Plaintiffs' failure to satisfy their initial burden, the Court need not address the additional arguments concerning exceptional circumstances, waiver, or irreparable harm.

## IV.   CONCLUSION

Accordingly, Plaintiffs' Time Sensitive Motion to Quash Subpoena (Doc. No. 22) is **DENIED.** The March 1, 2023 stay is **LIFTED** (Doc. No. 24), and Defendant may serve the subpoena upon Advanced Plumbing Technology, (Doc. No. 22, at 5-8) in accordance with the applicable Federal Rules of Civil Procedure. *See Club Exploria, LLC*, 2019 WL 13227590, at *4 (rejecting claim of attorney work-product privilege where party did not provide any competent evidence demonstrating that the documents at issue were prepared "in anticipation of litigation").

**DONE** and **ORDERED** in Orlando, Florida on March 31, 2023.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties